UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24644-COOKE/TORRES

AURELY JANNETT GUTIEREZ REYES,

    Plaintiff,

vs.

RUBEN VARELA and IVANESSA GARRIDO,

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiff Aurely Jannett Gutierrez Reyes ("Plaintiff" or "Reyes") worked as a domestic live-in housekeeper at the residence of Defendants Ruben Varela and Ivanessa Garrido ("Defendants") from July through October 2015. Reyes brings this case against Defendants for allegedly violating the federal minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C § 201 – 16 ("FLSA").

Defendants have filed a Motion to Quash Process and to Dismiss Complaint on Jurisdictional Grounds ("Motion") (ECF No. 18). The Motion is fully briefed and ripe for adjudication. I have reviewed the Motion, the record, and the relevant legal authorities. Defendants' motion is granted. Plaintiff's Complaint is dismissed without prejudice.

### I.    LEGAL STANDARD

The Federal Rules of Civil Procedure ("FRCP") provide a number of options to serve an individual including, "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Improper service divests a federal district court of personal jurisdiction over a defendant. *See Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990).

Rule 12(b)(5) of the FRCP authorizes a defendant to move for a motion to dismiss for insufficient service of process. When a defendant contests service, the plaintiff has the burden to show service was sufficient. *See Martinez v. Deutsche Bank Nat. Trust Co.*, 5:11-CV-

580-OC-10TBS, 2012 WL 162360, at *2 (M.D. Fla. 2012). While return of service may serve as prima facie evidence that service was properly performed, *see Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir.1995), it is not "conclusive proof" of proper service. *Martinez*, 2012 WL 162360, at *2.

## II.   DISCUSSION

Defendants argue for a dismissal of Reyes's Complaint because they were not properly served under Rule 4 of the FRCP. I agree.

Unless authorized as an agent, a defendant's employee can only accept service on behalf of a defendant if he or she resides in the same place as the defendant.[1] *Compare Barclays Bank of New York v. Goldman*, 517 F. Supp. 403, 413 (S.D.N.Y. 1981) (finding proper service where defendant's maid was living at the defendant's home), *with Franklin Am., Inc. v. Franklin Cast Products, Inc.*, 94 F.R.D. 645, 647 (E.D. Mich. 1982) (finding improper service where defendant's housekeeper was a part-time employee who did not reside in the defendant's home).

On two separate occasions here, a copy of the Summons and Complaint were left with Defendants' housekeeper, Gloria Torres ("Torres")—at least once, Torres was served while at Defendants' North Miami residence.[2] *See* ECF Nos. 21 – 24. Reyes argues that Torres is Defendants' "live-in" housekeeper and, thus, a resident who could accept service on behalf of Defendants. But Defendants' and Torres's affidavits (ECF Nos. 18-1, 26-1) state that Torres does not reside with Defendants, nor has she ever before. Rather, Torres lives in Hialeah. Torres is only Defendants' employee and not someone who resides in Defendants' dwelling or abode as Rule 4(e)(2)(B) of the FRCP requires. Consequently, Torres could not accept service intended for Defendants. Since Reyes has twice failed to properly serve Defendants, and has not offered evidence that contravenes Defendants'

---

[1] Because I can decide this motion on the residency factor alone, I do not address whether the employee here was "someone of suitable age and discretion." Fed. R. Civ. P. 4(e)(2)(B).
[2] It is unclear where Torres was first served in this matter. The initial returns of service (ECF Nos. 21 – 22) contain an address, nearly illegibly written, that appears different from both Defendants' and Torres's resident addresses. Plaintiff's second attempt at service to Torres occurred on Defendants' North Miami residence, as clearly written in the related returns of service (ECF No. 23 – 24).

claims that Torres is not their live-in housekeeper, a dismissal of Plaintiff's Complaint is warranted.

### III.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Quash Process and to Dismiss Complaint on Jurisdictional Grounds ("Motion") (ECF No. 18) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice.* The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of June 2016.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*